HENRY VON DER LEITH, PLAINTIFF IN ERROR, v. THE STATE OF NEW JERSEY, DEFENDANT IN ERROR.

1. In order that a person be exempt from conviction upon an indictment for the sale of intoxicating liquor in the cities of this state on Sunday, under the provisions of the sixty-first section of the act entitled "An act concerning crimes," the municipality must not only have the power, by its charter, to enact ordinances providing a penalty for such offence, but the ordinance must, by its terms, provide such penalty, and it must embrace within its provisions the class of persons who claim the benefit of its protection.

2. When a subsequent ordinance upon the subject of the sale of intoxi-cating liquors in a city covers the same ground as a former ordinance and revises it, the former ordinance is repealed by implication, and upon such repeal the general law immediately prevails unless the sub-sequent ordinance provides a penalty for such sale.

---

On error to the Hudson Quarter Sessions.

Argued at November Term, 1896, before BEASLEY, CHIEF JUSTICE, and Justices GARRISON and LIPPINCOTT.

For the plaintiff in error, *William D. Daly.*

For the defendant in error, *Charles H. Winfield.*

The opinion of the court was delivered by

LIPPINCOTT, J. The plaintiff in error, at the December Term, 1895, of the Hudson Quarter Sessions, upon indict-

ment for that offence, was convicted of the sale of liquor at his liquor saloon in the city of Hoboken, on Sunday, under the sixty-first section of the "Act for the punishment of crimes." *Gen. Stat., p.* 1061. He was not the keeper of an inn or tavern.

At the trial of the indictment, the sale of liquor on Sunday was admitted, the defence being that he was punishable not by conviction under indictment, but only upon conviction under the ordinance of the city of Hoboken. The trial judge, upon this defence being presented, held that the ordinance, as proved, did not cover the offence of a sale of liquor on Sunday in a licensed liquor saloon, but only affected such sales when made by the keeper of an inn and tavern, and it being admitted that the defendant was not such keeper, directed the jury to find the defendant guilty.

By the charter of the city of Hoboken (*Pamph. L.* 1859, *p.* 654, § 40), the council of the city was empowered to pass ordinances, *inter alia,* " to license and regulate inns and taverns and other houses of public entertainment for the sale or traffic in spirituous, vinous, fermented or other intoxicating liquors or drinks."

The first ordinance upon this subject was approved June 8th, 1855. This ordinance provided that the council might license any person to keep an inn or tavern upon the terms provided in the ordinance. The sixth section of this ordinance imposed a penalty of $12 upon the holder of any such license, as well as upon " any other person," who should sell intoxicating liquor on Sunday.

It is evident that this ordinance could have no effect except upon two classes of persons—first, the licensed keeper of an inn and tavern, and upon the unlicensed seller of intoxicating liquors—for the reason that the ordinance only provided for licensing inns and taverns.

On June 3d, 1859, the mayor and council passed and approved another ordinance. This ordinance provides for the licensing of inns and taverns. It also provides for the licensing of " any person within the corporation to open and

keep a house of public entertainment." It fully covers the same ground as the former ordinance, and also provides for the licensing of other places of public entertainment other than inns and taverns. It is clear to my mind that this latter ordinance revised the whole subject-matter, and the intention is manifest to make it a substitute for the earlier ordinance and thus operating as a repeal of it. *Roche* v. *Jersey City*, 11 *Vroom* 257.

An examination of this ordinance reveals the fact that, by the sixth section, the sale of intoxicating liquor on Sunday by a person licensed to keep an inn and tavern is forbidden and a penalty imposed for such sale, but in no part of the ordinance, nor by any section of it, is the sale of intoxicating liquor on Sunday forbidden by any person licensed to keep any other place of public entertainment, nor any penalty whatever imposed by the ordinance for such sale. Section 11 of the ordinance does provide a penalty against one selling any intoxicating drink without having obtained a license to sell, but is entirely silent as to the imposition of any penalty for the sale on Sunday. The ordinance of 1855, having been repealed by that of 1859, leaves the city of Hoboken without any ordinance forbidding the sale of intoxicating liquor on Sunday or providing any penalty for such sale, except as to persons licensed to keep inns and taverns.

The consequence is that the fiftieth section of the "Act concerning inns and taverns" (*Gen. Stat.*, *p.* 1786), which exempts persons from indictment and conviction for the sale of intoxicating liquors on Sunday, in cities which provide for the punishment of that offence by ordinance, can have no effect whatever in protecting the defendant, for no ordinance existed at the time of his conviction in the city of Hoboken, providing for the punishment of a person for selling intoxicating liquor on Sunday, except in an inn and tavern. In order to be such a protection the ordinance must be general, or in any event it must embrace the person who claims the benefit of it. It is only those who can be punished under the ordinance that can claim exemption from the punitive opera-

tion of the act of the legislature declaring it an indictable offence, and as such punishable. *State* v. *Zeigler*, 17 *Vroom* 307.

The judgment of the Hudson Quarter Sessions must be affirmed.