WILLIAM ALCUTT, PROSECUTOR, v. THE BOARD OF POLICE COMMISSIONERS OF TRENTON.

66  173<br>a67  351

Argued November 8, 1900—Decided February 25, 1901.

1. The board of police commissioners of Trenton is authorized by law to make rules and regulations for the government of the police force, and a rule against conduct unbecoming an officer and a gentleman is violated by an officer saying of one of the police commissioners that he was a "liar and you could not believe him under oath."

2. Upon a trial on such a charge this court will not interfere if the evidence upon which the accused was found guilty formed a rational basis for the judgment.

---

On *certiorari.*

Before Justices GARRISON and GARRETSON.

For the prosecutor, *John H. Backes.*

For the defendant, *Garret D. W. Vroom.*

The opinion of the court was delivered by

GARRETSON, J. This *certiorari* brings up a resolution of the board of police commissioners of Trenton, reducing the prosecutor from the office of sergeant to the office of roundsman on the police force of Trenton because of a violation

of the rules and regulations of the police department of that city.

The police commissioners were created such under an act of the legislature (*Pamph. L.* 1885, § 326), and they were entrusted with the government, control and management of the police department; they were given power to make, from time to time, such by-laws, rules and regulations for the government of such board, and the conduct and management of the affairs of such board and the department under its control as to the members of the said board should seem proper; they were authorized and empowered to designate and appoint or approve all policemen and suspend, expel or discharge any person employed or appointed, for cause.

It was charged that the prosecutor had violated a rule of the board regulating the discipline of the force, in that he had been guilty of conduct unbecoming an officer and a gentleman, and the specification of violation of that rule was that, in speaking of one of the police commissioners in a public saloon in Trenton, he had said of the commissioner that he was a "liar and that you could not believe him on his oath." The use of such language, in a public place, by an inferior of a superior officer, cannot but tend to be subversive of discipline. We think that such conduct came clearly within the prohibition of the rule mentioned.

That the offence was committed while the prosecutor was not actually clothed in the uniform of his office and not actually engaged in the performance of police work, does not lessen its gravity. The rules say that police officers are considered to be at all times on duty.

Upon the trial it was for the board to say whether the evidence established the charge made, and if it appears that the officer was duly tried upon the charge, before the proper authority, and was found guilty upon evidence which forms a rational basis for the judgment, this court will not interfere. *Devault* v. *Camden,* 19 *Vroom* 433; *Ayers* v. *Newark,* 20 *Id.* 170; *Dodd* v. *Camden,* 27 *Id.* 258; *Cavanagh* v. *Police Commissioners,* 30 *Id.* 412.

The action of the commissioners will be affirmed.