EDGAR ACKERMAN, PLAINTIFF, DEFENDANT IN ERROR, v. THE TOWN OF NUTLEY, DEFENDANT, PLAINTIFF IN ERROR.

Submitted November 6, 1903—Decided February 23, 1904.

1. The act concerning townships (Revision of 1899) enacts that no ordinance providing for the changing of the grade of any sidewalk, street or highway shall be adopted until notice of the time and place when the ordinance will be considered shall be given to the owner of the lands in front of which the improvement is proposed to be made. *Held*, that the application of this statute is not limited to grades established by formal proceedings.
2. Where the township committee provides for a change of grade by resolution, without notice to the landowner in front of whose land the street grade is changed, the measure of damages in a case in which the landowner has done nothing to restore the highway to its former condition, is limited to the loss sustained by him by reason of the inconvenience caused by the change of grade up to the beginning of the suit.

3. The book containing the record of ordinances of the township required to be kept by statute is sufficient *prima facie* proof of the existence of the ordinances.

4. The ordinance of a township providing for a change of grade of a street cannot be attacked collaterally on the ground that the notice required by section 21 of the act concerning townships had not been given.

On error to the Essex Circuit Court.

Before Gummere, Chief Justice, and Justices Dixon, Hendrickson and Swayze.

For the plaintiff in error, *Hugh B. Reed.*

For the defendant in error, *Halsey M. Barrett.*

The opinion of the court was delivered by

Swayze, J. The plaintiff is the owner of land at the southeast corner of Bloomfield avenue and Centre street, in what was formerly, and until after the judgment rendered in the Essex Circuit Court, the township of Franklin. On the 15th day of August, 1900, the township committee of the township of Franklin passed a resolution authorizing the road committee to "correct the grade at the intersection of Centre street and Bloomfield avenue so as to take care of the water from Centre street west." No notice was given to the plaintiff of the intention to pass this resolution or of any action taken thereunder. In September, 1900, the grade at the point above named was raised considerably. The present suit was begun December 24th, 1900. Subsequently the township committee passed two ordinances, establishing the grades of Bloomfield avenue and Centre street as the same existed after the filling of the preceding September. The ordinance as to Bloomfield avenue was passed March 15th, 1901; the ordinance as to Centre street, April 10th, 1901.

Since the judgment was rendered in the Circuit Court, the township of Franklin has become incorporated as a town

under the name of the Town of Nutley, and the Town of Nutley has been substituted as a party instead of the township of Franklin.

It was left to the jury to say whether the work done in September was a mere working of the roads in an ordinary and reasonable way, or whether it amounted to a change of grade, and they were told, in substance, that if it was a change of grade the plaintiff had established a right to recover damages, for the reason that the township committee had not proceeded in the manner directed by the statute. The measure of damages was stated by the judge to be the cost of removing the earth placed upon the plaintiff's land by the township committee illegally.

The act concerning townships (Revision of 1899) (*Pamph. L., p.* 386, § 32, ¶ 7) authorizes the township committee to pass ordinances to change the grade of any sidewalk, street, highway, or any part thereof. Section 21 of the act provides that no ordinance providing for the changing of the grade of any sidewalk, street or highway, or any part thereof, shall be adopted until notice of the time and place when said ordinance will be considered shall be given to the owner of the lands in front of which the improvement is proposed to be made. The evident intent of the statute was to require that any action of the township committee for the change of a grade should be by ordinance, and should only be taken after notice to the landowner who was likely to be injuriously affected. The procedure in this case (in August, 1900) was by resolution, and not by ordinance, and was taken without notice. If these sections of the statute refer to a change of any existing grade and not merely to a change of a grade established by formal proceedings, the judge was right in the view he took of this feature of the case.

In *Town of Lambertville* v. *Clevinger*, 1 *Vroom* 53, Mr. Justice Elmer held that section 1 of the act of 1858, which is printed in the general statutes as section 70 of the act concerning roads (*Gen. Stat., p.* 2820), and gives an action upon the case for damages caused by alteration of the grade of a

street or highway, referred to grades established by actual work on the ground, and was not limited to grades established by formal proceedings. This opinion was cited with approval by Justice Scudder, in *Vorrath* v. *Hoboken,* 20 *Vroom* 285 (at *p.* 287), and by Justice Van Syckel, in *Ward* v. *New Brunswick, Id.* 552, 555. It sufficiently appears in the present case that a grade had been established by actual working; the road had been permanently improved by macadamizing at that point.

We think, however, that the judge erred in the rule he adopted as to the measure of damages. He allowed the plaintiff to recover the full cost of removing the earth which had been improperly placed in the highway. The plaintiff had not, up to the time of the trial, removed this earth, and might never do so. His loss, up to the time of bringing the suit, was measured by the temporary inconvenience which he suffered; for any subsequent loss, another suit might be brought.

There is, however, another element in the case which emphasizes the error of the trial judge. The grade was established by the ordinances of March and April, 1901. These ordinances were proved by the production of the book of ordinances which section 20 of the act concerning townships requires the township clerk to keep. This section provides that the book of ordinances and any copy of any ordinance certified by the township clerk shall be taken and received in all courts as evidence of the ordinances. The production of the book or a certified copy is by this statute made sufficient proof of the ordinances, and even if no notice was given, as that statute requires, the ordinances would not be subject to attack collaterally for that reason. Until set aside by direct proceedings the record is proof, by virtue of the statute, of the proper adoption of the ordinances.

The trial judge was asked to charge that the act of the township committee in passing the ordinances placed a period to the time in which the plaintiff could remove the earth and macadam which changed the grade of the streets, and also

that the plaintiff could recover only for loss occurring between the time of the act complained of and the bringing of the suit. Exceptions were duly sealed to his refusal to charge as requested, and these errors are properly presented in the assignments of error.

The judgment should be reversed and the record remitted for a new trial.