### TOWN OF MONTCLAIR v. PETER SCOLA.

Submitted November 6, 1907—Decided February 24, 1908.

1. The book in which the ordinances of a town are engrossed and signed by the town clerk as required by *Pamph. L.* 1895, *p.* 228, § 27, is sufficient *prima facie* proof of the existence and due publication of an ordinance therein contained in view of section 1 of *Pamph. L.* 1907, *p.* 443.
2. An ordinance is not repealed by implication when another ordinance not inconsistent therewith, and not covering the same field, is subsequently passed.
3. Where a writ of *certiorari* is used as a writ of error to review the action of a lower court, not a special statutory tribunal, the Supreme Court will not review findings of fact if there is any evidence to support the findings.

4. Testimony that the defendant delivered one-half of a box of beer from his wagon to one Russo at his nouse in Montclair; that the delivery was made on the order of Russo; that the wagon of the defendant at the time of the delivery contained many other similar boxes of beer; that the box of beer delivered was in no way marked to distinguish it from the others and was not set apart for the person to whom it was delivered, justifies a finding of a sale in Montclair, notwithstanding the fact that credit was extended until the end of the month when payment was made in Glen Ridge.

On *certiorari.*

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *James M. Trimble.*

For the defendant, *Robert M. Boyd, Jr.*

The opinion of the court was delivered by

TRENCHARD, J.  The incomplete state of the case seems to indicate that the prosecutor, a beer bottler of the borough of Glen Ridge, was convicted before the recorder of the town of Montclair of a violation of an ordinance of the town entitled "An ordinance to prohibit the sale of spirituous, vinous and malt liquors by unauthorized persons," adopted July 25th, 1904, and was fined $20.  From this conviction he appealed to the Essex Common Pleas Court, where judgment was entered against him, and he now seeks by this writ of *certiorari* to reverse that judgment.

The first reason alleged for reversal is that there was no proof of such publication of the ordinance as is required by section 46 of the act approved March 7th, 1895.  *Pamph. L., p.* 235.

The prosecutor does not deny that the ordinance was legally adopted by the town, or that it was lawfully proved at the trial by the production of the book of ordinances.  His sole contention in this regard is that, there being no evidence of publication, the ordinance is not effective.

We see nothing in this contention.  Section 27 of the act

of 1895 (*Pamph L., p.* 228) requires that all ordinances shall be engrossed in a book and be therein signed by the clerk of the town, and that such book shall be a public record of such ordinances. It further provides that a transcript thereof, certified by the clerk, shall be evidence in all courts and places. *A fortiori,* the book itself is *prima facie* evidence of the existence of the ordinance. *Ackerman* v. *Nutley,* 41 *Vroom* 438.

Moreover by section 1 of the act concerning the enforcement of ordinances in incorporated towns (*Pamph. L.* 1907, *p.* 443), it is provided that a copy of the ordinance alleged to have been violated, certified under the hand of the clerk of such town, shall be taken as full and legal proof of the existence of such ordinance, and that all the requirements of law in relation to the ordering, publishing and making of the same have been complied with, unless the contrary be shown. While it is impossible to determine from the record, yet we assume that the trial of the present case took place after the taking effect of the act of 1907, and it therefore was governed by its provisions. That this act was complied with seems apparent. The book put in evidence contained, as we have seen, a copy of the ordinance certified under the hand of the clerk of the town.

We think, therefore, that, under the circumstances disclosed by the record, proof of the publication of the ordinance was unnecessary.

The second reason urged for reversal is that the ordinance of 1904, under which the conviction appears to have been had, has been repealed.

But we do not so find. The contention is that the ordinance was repealed by implication on the passage of an ordinance of 1906 entitled "An ordinance to regulate, license or prohibit inns or taverns, and the sale or transfer of spirituous, vinous, malt or other strong or intoxicating liquors."

But this ordinance is not inconsistent with and does not cover the same field as the ordinance of 1904. The purpose of the latter ordinance is to prohibit the sale of liquors by unauthorized persons. It is not, like that of 1906, an ordinance providing for a general scheme for the regulation of

licenses, but merely provides a penalty for the sale of liquors by persons not licensed under the provisions of then existing or subsequent ordinances.

An ordinance is not repealed by implication when another ordinance not inconsistent therewith, and not covering the same field, is subsequently passed. *Von Der Leith* v. *State,* 31 *Vroom* 46, 590.

The third reason urged for reversal is that the trial judge erred in finding a sale of beer in the town of Montclair.

It is insisted that the evidence showed a sale in Glen Ridge, not in Montclair.

The trial judge found as a fact that the beer was sold in Montclair. Such finding will not be reviewed in this court if there is any evidence to support the finding. *Coles* v. *Blythe,* 40 *Vroom* 666.

There was evidence that Scola, the defendant below, delivered to Russo at his house in Montclair one-half of a box of beer; that it was delivered on the order of Russo; that it was brought to the house in defendant's wagon which at the time of delivery contained many other similar boxes of beer; that the box of beer delivered was in no way marked to distinguish it from the others and was not set apart for delivery to Russo. The fact that credit was extended until the end of the month, when payment was made in Glen Ridge, does not necessarily alter the character of the transaction. *Bish. Stat. Cr.* (*2d ed.*), § 1013.

There was evidence justifying the finding of a sale in Montclair. *Shuster* v. *State,* 33 *Vroom* 521.

The result is the judgment of the court below is affirmed, with costs.