PAUL P. ADAMS, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE CITY OF PLAINFIELD, RESPONDENTS.

THOMAS L. CONSHAY, PROSECUTOR, v. GEORGE B. WEAN, CITY CLERK OF THE CITY OF PLAINFIELD, RESPONDENT.

Argued May 3, 1932—Decided June 14, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutors, *McCarter & English* and *Winfield S. Angleman.*

For the respondent, *William Newcorn.*

LLOYD, J. These cases were argued together and will be disposed of in one opinion. Writs of *certiorari* were granted in each case to review, in the one (No. 235) an ordinance reducing the salaries of firemen in the city of Plainfield and in the other (No. 266), an ordinance reducing the salaries of policemen in the same city.

The prosecutors in both cases contend that the ordinances were invalid because beyond the power of the council to adopt them.

The police ordinance is attacked additionally on the grounds that it violated the Tenure of Office act, that it violated a contract, and that it was defective in its title. In the firemen's ordinance it is contended additionally that the reduction in salary could not be effected by an amendatory ordinance, but that the original ordinance would have first to be repealed.

The prosecutors in both cases place reliance on chapter 162, laws of 1929 (*Pamph. L., p.* 291), the effect of which will be referred to later.

The power to regulate salaries is accorded by article 13, section 1 of chapter 152, laws of 1917 (*Pamph. L., p.* 319), as amended by chapter 134, laws of 1928 (*Pamph. L., p.* 279), which provides that "the governing body of every municipality shall have power and authority, by ordinance, notwithstanding any maximum or minimum limitation now fixed by statute, to fix and determine the amount of salary, wages and compensation to be paid to each officer, employe, servant and agent of such municipality who by law is entitled to be paid a salary, wage or compensation" excepting certain elective officers and others whose salaries were fixed by the voters or by referendum.

From this it would seem beyond all question that the municipality was empowered by the act cited to fix the salaries of its police officers and firemen either by increasing or decreasing the compensation theretofore established, unless other legislation be found circumscribing this authority.

In this situation the act of 1929 is appealed to by the prosecutors. It provides as follows: "In addition to the

methods now prescribed by law, the governing body of any municipality in this state is hereby authorized and empowered to fix and determine by ordinance, the annual compensation of all municipal employes, including members of the police and fire departments of any such municipality; provided, however, that nothing herein contained shall be construed to permit the reduction of the salary or compensation of any municipal employe as aforesaid."

It is urged that the act, and particularly the proviso, effected a modification of the thirteenth section of the Walsh act, and impliedly repealed the authority to reduce wages. We do not agree with this view. The act (of 1929) does not take from the governing body the power theretofore conferred on municipalities generally but by its very terms declares that it is in addition to the methods then existing—that is— in addition to and not in substitution for the existing legislation. The proviso declares that nothing in "this act" shall be construed to permit reduction, &c. It neither adds to nor takes from the power already vested in the municipality.

Repeal by implication is disfavored in the law and where a general scheme, such as is to be found in the Walsh act, is claimed to be modified by implication from a later act the purpose must be so clearly indicated as to leave no reasonable basis for doubt. *McNeeley* v. *Woodruff*, 13 *N. J. L.* 352; *Winne* v. *Cassale*, 99 *N. J. L.* 345.

Nor do we see that the power thus conferred is in conflict with the Civil Service act. This act was passed to protect civil employes from removal except for adequate and just cause. It was not, as we think, intended to deprive the governing bodies of municipalities of the power to adjust compensation of municipal employes from time to time as the exigencies of economic conditions might require. There is no attack on the good faith of the municipal body in adopting the amendments to the ordinances involved.

The contention that the relation of the officers to the city was of a contractual character, the obligation of which could not be impaired is likewise without substance. In the case of *Hillel* v. *Borough of Edgewater*, 106 *N. J. L.* 481, it was

declared by the Court of Errors and Appeals that "public office is not a contract between the incumbent and the state or any of its governmental agencies. * * * In the office there is no property right." The additional fact that as incident to the office it appears that the city and its officers contributed to a pension fund cannot alter the fundamental relation.

The contentions that the original ordinance fixing salaries should be first repealed and that the ordinances were defective in title call for no comment further than to say that we think they are without merit.

Regarding the act as a whole we think it clear that no legislative purpose to tie the hands of the governing bodies of municipalities in a matter so vital to the exercise of their governmental functions can be discerned.

The ordinances under review will be affirmed, with costs.