C. A. HEIL, JR., PROSECUTOR, v. THE MAYOR AND BOARD OF COMMISSIONERS OF THE CITY OF WILDWOOD, NEW JERSEY, RESPONDENTS.

Argued October 4, 1932—Decided March 6, 1933.

Before Justices PARKER and LLOYD.

For the prosecutor, *William Elmer Brown, Jr.*

For the respondents, *Harry Tenenbaum* and *Carl Kisselman.*

PER CURIAM.

Originally a rule to show cause why a writ of *certiorari* should not issue, by stipulation of the parties it was agreed that the writ issue and that the court dispose of the case finally on the record as presented on the return of the rule.

Heil· is the city clerk of Wildwood and his salary has been $3,500 per annum.. By resolution of the mayor and board of commissioners the salary was reduced to $1,200. The writ brings up this resolution. Two grounds are urged for setting it aside, (1) that there is no authority in the law for the respondent to fix a salary of any of its officials by resolution, the statute requiring that it shall be done by ordinance, and (2) that the resolution is not in good faith, but was for the purpose of forcing the prosecutor out of his office.

While not impressed with the second point, we think the first makes necessary the setting aside of the resolution in so far as it affects the salary of the prosecutor. The law seems to be clear on the subject. The Home Rule act (chapter 152 of the laws of 1917, page 350) provides in the first section of article 13 for the fixing of salaries by ordinance, and chapter 162, laws of 1929, page 291, seems to prescribe the same method. The latter statute we considered in *Adams* v. *Plainfield,* 109 *N. J. L.* 282; 161 *Atl. Rep.* 647.

As to the second point, the straitened financial condition of most municipalities at this time is a matter of common knowledge as well as the need for drastic action in curtailment of municipal expenses. While the reduction in the case of the prosecutor is very large, there seem to be other reductions approaching the same sort of a cut.

Certain speeches of one of the members of the municipal board are laid hold of by the prosecutor to indicate that there was bad motive inducing the severe reduction of the prosecutor's salary, but we think such motive is not shown by the proofs. Strong efforts were made in the fall election to displace the old city government and in doing so promises to reduce municipal expenses in the event of election of this candidate were given, but we can see nothing in this which indicates animosity or malicious purpose toward the prosecutor or that the reduction was not made in good faith.

The resolution will be set aside, but on the single ground that it was a resolution and not an ordinance.