ANTHONY GRIPPO, PROSECUTOR, v. MAYOR AND COUNCIL OF THE BOROUGH OF KENILWORTH, DEFENDANTS.

Decided March 13, 1934.

For the prosecutor, *Harry J. Weiner.*

For the defendants, *Charles A. Otto, Jr.*

Heard and decided by

CASE, J.   The writ of *certiorari* brings up for review a resolution passed by the council of the borough of Kenilworth. The resolution recites the poor financial condition of the borough, the demand by associations and individuals for reductions in salary and the elimination of unnecessary offices and the conclusion of council that the recorder's office is unnecessary, and resolves that "in the interests of economy the recorder's office be abolished and that this resolution take effect immediately."

The prosecutor was the borough recorder.   He writes down four reasons why the resolution should be set aside.   The first is that the office of the recorder should have been abolished by ordinance and not by resolution.   The only argument advanced thereon is that the salary of the recorder was fixed by ordinance and therefore may be reduced only by ordinance, citing *Heil* v. *Mayor, &c., of the City of Wildwood,* 11 *N. J. Mis. R.* 171; 164 *Atl. Rep.* 868.   The fixing

or reduction of salary, however, is not in question. The proofs do not show whether the determination of the borough to exercise its statutory authority to appoint a recorder was by ordinance or by resolution, or indeed that there was any determination other than the actual making of the appointment. They do show that the appointment of the prosecutor was by resolution. The statutory provision is in section 3 of the general act relating to boroughs (*Pamph. L.* 1897, *ch.* 161, as amended *Pamph. L.* 1922, *ch.* 141; 1 *Cum. Supp. Comp. Stat., p.* 168) : "* * * There may be appointed * * * a borough recorder * * * who shall perform such duties as are or may be provided for by law or ordinance of said council not in conflict with law," and in section 13 of the same act. 1 *Comp. Stat., p.* 234:

"The council may appoint some fit person resident in said borough to be borough recorder; he shall have the same jurisdiction and power in criminal matters, cases of bastardy, relief, removal and settlement of the poor, breaches of the peace, vagrancy and disorderly conduct, and violations of borough ordinances as is vested in the mayor, the same power and authority to issue process, try and determine said causes, and fine or imprison upon conviction, and shall receive the same fees."

In the absence of proof I may not assume that there was an ordinance either providing for the appointment of a recorder or defining his duties. The duties may be gathered from the jurisdiction and powers set up in section 13, *supra.*

The second reason, and the one chiefly relied upon by the prosecutor, is that the resolution was passed for political reasons and not in good faith for the purposes of economy. As is apparent from the statute the appointment of a borough recorder is permissive and not mandatory. The determination is left to the legislative function of the borough council. It is necessary that the duties falling upon a recorder shall be performed, but it is not necessary that there should be a recorder. The mayor has statutory authority for the performance of all such duties (sections 10, 11 and 12 of the Borough act) ; and the mayor of the borough of Kenilworth has been, and is, functioning accordingly. When the prose-

cutor accepted the office of recorder, he took it subject to the right of the legislative body who created it to abolish it when the public good required that that should be done. *Van Horn* v. *D'Arcy*, 88 *N. J. L.* 675; 93 *Atl. Rep.* 597. It is said, and there is proof to support the statement, that one of the members of the borough council was not without personal animosity towards the prosecutor; but the competent testimony does not convince me that the official action of council was motivated by that feeling. The borough was in serious money difficulties. It was in the midst of the widespread financial doldrums. There had already been reductions in the salaries of the public officials and there appears to have been no other office that could be abolished. While the saving accomplished by doing away with the office of recorder was slight, it was nevertheless a move in the direction of economy and was in response to a public demand. *Jacoby* v. *Borough of Carteret*, 12 *N. J. Mis. R.* 199; 170 *Atl. Rep.* 613. By the competent testimony it appears that a salary had been set up in lieu of fees and in excess of the fees actually paid over to the borough treasury.

The third and fourth reasons are covered by the foregoing discussion and need not be stated.

I conclude that the resolution was a legal municipal act. The writ will be dismissed, but without costs.