580

STATE BOARD OF TAX APPEALS.

CHEMICALS AND PHARMACEUTICALS, INC., PETITIONER,
v. J. H. THAYER MARTIN, STATE TAX COMMISSIONER,
RESPONDENT.

Decided September 24, 1940.

For the petitioner, *Jacob Burns.*

For the respondent, *David T. Wilentz,* attorney-general
(by *John Solan*).

QUINN, President. By investment of its capital funds,
petitioner, a domestic corporation, owns all of the capital
stock of Diatetic Research Laboratories, Inc., and Professional
Laboratories, Inc., both of which are corporations engaged in
manufacturing pursuits in this state. Petitioner itself
engages in no form of manufacturing whatsoever. It never-
theless claims, for the year 1939, an exemption from the
franchise tax upon capital stock to which domestic corpora-
tions are normally subject under *R. S.* 54:13-1; *N. J. S. A.*
54:13-1 *et seq.,* upon the ground that it is a "manufacturing
corporation at least fifty per cent. of whose capital stock issued
and outstanding is invested in * * * manufacturing pur-
suits carried on within this state," within section 54:13-7,
granting exemption from the tax where the situation thus
set out obtains.

The difficulty with the application, however, is that while
the petitioner's corporate wealth may be invested in manu-

facturing pursuits, nevertheless it is not itself, as is required by section 54:13-7, a "manufacturing corporation," since it does not actually maintain a manufactory in this state, either directly, or through an agent at its cost. *Allon Machine Co.* v. *Assessors* (*Supreme Court,* 1907), 69 *Atl. Rep.* 451. The exemption is restricted to such corporations as are in fact manufacturing companies. *Press Printing Co.* v. *Assessors* (*Supreme Court,* 1888), 51 *N. J. L.* 75.

This conclusion is impelled by the provision of section 54:13-4 requiring an exemption claimant to report, *inter alia,* "the location of its manufacturing establishment."

The assessment is affirmed.