JOHN A. HOFBAUER, PROSECUTOR, v. BOARD OF POLICE COMMISSIONERS OF THE CITY OF EAST ORANGE AND CIVIL SERVICE COMMISSION OF NEW JERSEY, DEFENDANTS.

Argued June 6, 1945—Decided October 5, 1945.

Before Justices Donges, Heher and Colie.

For the prosecutor, *Levy, Fenster & McCloskey.*

For the defendant Board of Police Commissioners, *Walter C. Ellis.*

The opinion of the court was delivered by

Colie, J.   John A. Hofbauer seeks a writ of *certiorari* to review the action of the Civil Service Commission in approving the action of the Board of Police Commissioners in dismissing prosecutor from his office as a patrolman in the City of East Orange.

The facts are that prosecutor became a member of the force in 1938 at which time he subscribed an oath that he would "in all respects, conform to and observe the rules and regulations which have been or may be established by the said Board of Police Commissioners."   The City of East Orange by ordinance established a Board of Police Commissioners among whose duties it was "to make and alter rules and regulations for the government of said [police] department." *Pamph. L.* 1908, *ch.* 250, § 37, saved from repeal by *R. S.* 40:103–5.

In compliance with its duty the Board in 1932 promulgated a rule that "members of the police department shall  *   *   * devote their entire time to police service engaging in no other business or occupation." Admittedly prosecutor had knowledge of the aforesaid rule or regulation and admittedly he worked as a toolmaker in an outside, part-time capacity. In January, 1944, a "general order" issued over the signature of the chief of police calling attention to the rule prohibiting outside work and ordering those so engaged to stop immediately. In June, 1944, prosecutor was called before the Board of Police Commissioners, reprimanded and warned that charges would be preferred against him if he continued his part-time employment. In the face of this warning he persisted in the same course of conduct, whereupon he was charged with insubordination and willful disobedience of orders. After a hearing before the Board of Commissioners, he was found guilty and dismissed from the force. On appeal the Civil Service Commission approved the dismissal and dismissed the appeal.

The argument that the power given the Board of Police Commissioners to formulate rules and regulations is an unconstitutional delegation of legislative duties has no merit. *Cf. Alcutt v. Police Commissioners*, 66 *N. J. L.* 173; *affirmed*, 67 *Id.* 351. Prosecutor was not entitled to the protection of *R. S.* 40 :47–5 and 6 relating to tenure of office. His admitted conduct removed him from the classification of an officer holding office during "good behavior" and placed him in the classification of those guilty of "disobedience of rules and regulations established for the government of the police force." We have examined into all the reasons advanced and find no merit in any of them. The application is denied, with costs.