AURRUSSUS EMANUEL, PROSECUTOR, v. WILLIAM A. SPROAT, CARLO AUGUSTO, GEORGE DONEGANI, EMIL J. MEYERER, CARL W. WRIGHT, COMMISSIONERS OF THE PENSION FUND COMMISSION OF THE CITY OF HACKENSACK, AND THE CITY OF HACKENSACK, RESPONDENTS.

Submitted May 6, 1947—Decided September 22, 1947.

Before Justices DONGES, COLIE and EASTWOOD.

For the prosecutor, *Mehler & Mehler* (*Owen W. Hawkins,* of counsel).

For the respondents, *Chandless, Weller & Kramer* (*Ernest Weller,* of counsel).

The opinion of the court was delivered by

COLIE, J. Prosecutor was allowed a writ of *certiorari* to review the action of the Pension Fund Commission of Hackensack in denying his application for a pension. Prosecutor, in 1926, was appointed as a member of the police department of the Township of New Barbadoes, now the City of Hackensack. In July, 1946, having attained the age of fifty years and nine months and having served honorably in the department for twenty years, he made the aforesaid application, grounded upon chapter 160, *Pamph. L.* 1920, the act relating to pensions in force when he was appointed in 1926. Section 1 of that act provides, "In all municipalities of this State any policeman * * * who shall have honorably served in such police * * * department for a period of twenty years, and attained the age of fifty, shall, upon his own application, be retired on half pay, * * *." In 1944 the legislature amended the section quoted above and as of the date when the application was filed the statute provided: *R. S.* 43:16–1. "In all municipalities any active member of a police department * * * who shall have served honorably in the police * * * department for a period of twenty-five years and reached the age of fifty-three years, * * * shall, on his own application, be retired on a service retirement pension equal to one-half of his average salary."

The first point argued is that the 1944 Pension Act is unconstitutional because it violates article 1, paragraph 19: "No county, city, borough, town, township or village shall hereafter give any money or property, or loan its money or credit, to or in aid of any individual, association or corporation, or become security for, or be directly or indirectly the owner of, any stock or bonds of any association or corpora-

tion.  As added election September 7th, 1875.  Proclamation September 28th, 1875."

This contention was raised in *Hayes* v. *Hoboken*, 93 *N. J. L.* 432, and decided adversely to prosecutor's contention.  Mr. Justice Black who wrote the opinion for the Court of Errors and Appeals said: "We think there is no merit in this contention.  The pension fund is made up largely of enforced contributions by members of the police force.  It is added to from the money collected for taxes.  It is maintained in part by monthly contributions and annual assessments, which the policemen of the department were compelled to make and pay."

It is next said that since the 1920 Pension Act became effective in the municipality as the result of a referendum, thereafter there could be no amendment or supplement by the legislature that would be effective unless and until such amendment or supplement was in turn approved by a referendum.  No authority is cited for this proposition but we deem the argument without merit.  *Cf. McKann* v. *Irvington*, 133 *N. J. L.* 63; *affirmed, Id.* 575.

The final point raised and argued is that there existed a contract between prosecutor and the municipality, the obligation of which the legislature is forbidden from impairing by article 4, section 7, paragraph 3 of the New Jersey Constitution.  It is settled beyond question that the prosecutor had no contractual or vested right under the Pension Act of 1920.  *Plunkett* v. *Board of Pension Commissioners*, 113 *N. J. L.* 230; *affirmed*, 114 *Id.* 273.

The writ is dismissed, with costs.