34 N.J. Super. 544 (1955)
112 A.2d 738
ALBERT A. ISOLA, ET AL., PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF BELMAR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1955.
Decided March 18, 1955.
*547 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Harry R. Cooper argued the cause for appellants.
Mr. Harold Feinberg argued the cause for respondent.
Mr. Raymond A. Leahy filed a brief amicus curiae for the New Jersey Institute of Municipal Attorneys.
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This is an appeal from a judgment for defendant on the pleadings in an action in lieu of prerogative writ testing the validity of Ordinance No. 445 adopted by the Borough of Belmar. The appeal comes before us on an agreed statement in lieu of record. R.R. 1:6-2.
The Police Department of Belmar was established by Ordinance No. 297, adopted October 9, 1934 and providing for its "creation, control and regulation." This ordinance contains no reference to salaries or working hours. On May 26, 1953 the governing body passed Ordinance No. 421 fixing salaries to be paid to members of the police department, effective January 1, 1954 if first approved by referendum vote. On the same day it passed Ordinance No. 422, adopting the provisions of L. 1948, c. 341 (N.J.S.A. 40:11-13.2 to 13.7), fixing an 8-hour day and a 40-hour week for uniformed *548 members of the police department, with the proviso that they might be summoned and kept on duty during any period of emergency. This ordinance was to be effective only upon submission to and approval by the voters. Ordinance Nos. 421 and 422 were duly approved by the electorate.
Ordinance No. 445, adopted by the governing body in September 1954, purported to amend and supplement Ordinance No. 297 by adding a new section which read:

"Section 11A

All members of the Police Department shall devote their entire working time to police service or other municipal service as directed by the Board of Commissioners, and shall engage in no other business, profession or occupation, either part time or full time, unless granted permission to do so by the Board of Commissioners."
Plaintiffs, comprising all the members of the Belmar Police Department, brought this action in lieu of prerogative writ to have Ordinance No. 445 declared null and void on the following grounds: (1) it is arbitrary, unjust, oppressive and unreasonable; (2) it is loosely drawn, illusory, and subject to ambiguities and conflicting judicial interpretations; (3) it attempts to circumvent Ordinance No. 422, approved by referendum, thereby destroying its provisions and benefits; (4) it interferes with the vested rights and impairs the contractual obligations of present members of the police department; and (5) not having been adopted by referendum, the ordinance cannot impliedly amend Ordinance No. 422 which was submitted to and approved by the voters. After answer filed there were countermotions for summary judgment on the pleadings. R.R. 4:12-3. The Law Division entered judgment in favor of defendant and plaintiffs appeal.
The Home Rule Act, R.S. 40:47-1, expressly authorizes the governing body of a municipality to "make, amend, repeal and enforce ordinances to establish, maintain, regulate and control a police department and force, * * *; to prescribe and establish rules and regulations for the government and discipline thereof; * * *." The Belmar Board of Commissioners therefore clearly had the right not only to pass the original ordinance (No. 297) establishing the police *549 department, but also any amendatory or supplementary ordinance setting up reasonable regulations for the government and discipline of the members of the department, including the control of their off-duty activities. Alcutt v. Board of Police Commissioners of Trenton, 66 N.J.L. 173 (Sup. Ct. 1901), affirmed 67 N.J.L. 351 (E. & A. 1902); Hofbauer v. Board of Police Commissioners of East Orange, 133 N.J.L. 293 (Sup. Ct. 1945).
We do not agree that Ordinance No. 445 here under attack attempts to circumvent Ordinance No. 422 or that, like the latter, it had to be adopted by referendum. No. 422 dealt with one subject, and one subject only; it fixed the hours of employment of uniformed members of the Belmar Police Department at no more than eight consecutive hours in any one day or 40 hours in any one week, except in case of emergency. No. 445 did not affect this ordinance, but simply dealt with the prohibition against policemen engaging in some other business, profession or occupation outside of work hours except where permitted to do so by the governing body. It not only expressly purported to amend and supplement Ordinance No. 297, creating the police department, but was germane to its subject matter. In testing an amendatory ordinance with respect to municipal power to enact it and the method and reasonableness of the exercise of such power, a common requirement is that an ordinance be germane to the subject matter of the ordinance it amends. 6 McQuillin, Municipal Corporations (3d ed. 1949), § 21.01, p. 176.
R.S. 40:47-1, as already noted, clearly and expressly gave the governing body the right to amend Ordinance No. 297. Generally, the power to pass an ordinance includes the power to amend or repeal it. Stemmler v. Borough of Madison, 82 N.J.L. 596 (E. & A. 1912).
The charge that Ordinance No. 445 attempts to circumvent the referendum ordinance relating to hours of work and destroy its provisions, carries with it the implication of a pro tanto repealer of the latter ordinance by the former. It is a cardinal rule of construction that repeals by *550 implication are not favored, and it is presumed that an ordinance or statute has not been repealed. Whirl-O-Ball, Inc. v. City of Asbury Park, 136 N.J.L. 316, 319 (E. & A. 1947); Adams v. Mayor, etc., of Plainfield, 109 N.J.L. 282, 284 (Sup. Ct. 1932), affirmed 110 N.J.L. 377 (E. & A. 1933). In the absence of an express repealer, the indication of an intention to effect a repeal of prior legislation must be clear and compelling. Even were the two ordinances in question seemingly repugnant, it would be the duty of this court so to construe them as not to effect a repeal of one by the other, if at all possible. 6 McQuillin, Municipal Corporations (3d ed. 1949), §§ 21.18 and 21.19, pp. 201-205. If the provisions of the later and prior ordinances are reconcilable, effect must be given to both in their respective spheres. French v. Board of Commissioners of Ocean City, 136 N.J.L. 57 (Sup. Ct. 1947). As already noted, there is nothing inconsistent among the ordinances  No. 445 amending original No. 297 on the one hand, and No. 422 on the other; as a matter of fact, they do not cover the same field. There is, therefore, no implied repealer of No. 422. Cf. Town of Montclair v. Scola, 76 N.J.L. 137 (Sup. Ct. 1908).
Accordingly, Ordinance No. 445, amending Ordinance No. 297 pursuant to the power lodged in the local governing body by R.S. 40:47-1, did not have to be submitted to referendum but could be adopted by the Board of Commissioners of Belmar.
It is next contended that No. 445 should be declared void because ambiguous and contradictory in terms. At the same time, plaintiffs argue for their own construction of the ordinance, read as a whole, viz., that it does not regulate the off-time duty of members of the Belmar Police Department, but applies only to their working time. The intent of the ordinance is plain enough; it prohibits a member of the police department from engaging in any business, profession or occupation other than police work at any time whatsoever. To construe the prohibition as applicable only to working time would be absurd in view of the language of the ordinance *551 permitting an exemption to be granted by the board of commissioners. It certainly could not have been intended that the governing body might grant permission to do non-police work during police working hours. This is not an action for a declaratory judgment, but one attacking the validity of the ordinance because of its presumably adverse effect on plaintiffs. For the purposes of this appeal, therefore, we are not warranted in doing other than assuming that the prohibition applies only to non-working hours, since any other consideration of the ordinance would not adversely affect plaintiffs and hence raise no justiciable question.
Is Ordinance No. 445 arbitrary, unjust, oppressive and unreasonable, as plaintiffs claim? The argument is projected on three different levels.
First, it is claimed that the provision that members of the police department shall devote "their entire time to police service or other municipal service as directed by the Board of Commissioners," is improper because members might be required to perform municipal services inconsistent with the dignity of their office, such as assisting the sewer department in cleaning out sewers or the street cleaning department in collecting garbage. No such specific assignment is complained of, so that the projected problem is not strictly before us. It is to be assumed that the governing body will act reasonably. The provision for assignment to other municipal service is a practical one. In small communities the police are often called upon to help in associated duties. For example, in a small shore community like Belmar a policeman might well be assigned to direct activities on the beach front, such as checking on the wearing of beach badges and the control of policing the beach and lifeguards. Another might be assigned duties as clerk in the municipal court or traffic violations bureau. Still another might be required to check on parking meters and collect meter receipts. Policemen might cooperate with the street department in its marking of traffic lanes and the setting out of traffic signs. Work in such municipal services would not present the conflict of interest that would arise where a policeman works as a bartender *552 for a private party, or as a private policeman, or as a taxicab driver.
An ordinance that may operate reasonably in some instances or circumstances and perhaps unreasonably in others will not be set aside, but permitted to stand, leaving open the reasonableness of its operation in particular cases. North Jersey Street Ry. Co. v. Mayor, etc., of Jersey City, 75 N.J.L. 349, 354 (Sup. Ct. 1907), where the earlier cases are collected; Independent, etc., Oil Co. v. Mayor, etc., of Gloucester, 102 N.J.L. 502, 504 (Sup. Ct. 1926); 5 McQuillin, Municipal Corporations (3d ed. 1949), § 18.05, p. 396.
The second claim is that the governing body may not prohibit policemen from pursuing any other business, profession or occupation, whether part-time or full-time, after working hours. In order to test the reasonableness and validity of the prohibition, it is necessary to keep in view the objects which the board of commissioners might validly seek to accomplish in establishing such a regulation for the government and discipline of the municipal police force. Some of these objects may be briefly described:
1. Since the policing of a municipality is one of the basic and primary functions of government, it is essential that every police officer owe an undivided loyalty and allegiance to the governmental unit under which he serves.
2. By its very nature, police work at times makes strenuous demands upon a police officer's reserves of physical and mental strength. It is therefore important that each police officer keep his efficiency unimpaired by the competing demands of other employment.
3. Because of unpredictable emergencies which may, at times, call for the application of the full strength of the complement of men in the department, a police officer, like a fireman, must be first and foremost at all times a policeman, ready to respond to any unforeseen demand in which his particular strength, skill and training may be requisitioned for the safety and preservation of the social order and of effective civil government.
4. In the interest of fairness and good discipline, this control must come from a single governmental authority, and the rules must bear equally upon all members of the force.
An efficient, dependable police force plays a vital role in local government and affects community living day by day *553 and hour by hour. To the police we have assigned the heavy responsibility of guarding our lives and property, confident that this duty will be discharged promptly and ably. Because of their unique position, members of a police force have long been subject to a wide range of regulation and discipline. Cf. Ward v. Keenan, 3 N.J. 298 (1949); Martin v. Smith, 100 N.J.L. 50, 52 (Sup. Ct. 1924); Herbert v. Atlantic City, 87 N.J.L. 98, 101 (Sup. Ct. 1915).
In Hofbauer v. Board of Police Commissioners of East Orange, 133 N.J.L. 293 (Sup. Ct. 1945), the court upheld the dismissal of a patrolman for violating a departmental rule requiring members of the police department to "devote their entire time to police service engaging in no other business or occupation." Regulations prohibiting outside employment, similar to that here involved, were upheld in People ex rel. Ullrich v. Bell, 4 N.Y.S. 869 (City Ct. 1889), affirmed 125 N.Y. 722, 26 N.E. 756 (Ct. App. 1891); Reichelderfer v. Ihrie, 61 App. D.C. 198, 59 F.2d 873 (Ct. App. D.C. 1932); Bell v. District Court of Holyoke, 314 Mass. 622, 51 N.E.2d 328, 150 A.L.R. 126 (Sup. Jud. Ct. 1943); Calfapietra v. Walsh, 183 Misc. 6, 49 N.Y.S.2d 829 (Sup. Ct. 1944); Hayes v. Civil Service Commission, 348 Ill. App. 146, 108 N.E.2d 505 (App. Ct. 1952). The prohibitory clause of Ordinance No. 445, standing alone, is valid.
Plaintiffs' third line of attack upon the ordinance as arbitrary, unjust, oppressive and unreasonable is directed at the proviso in the prohibition which reads: "unless granted permission to do so by the Board of Commissioners." The contention is that no norm or standard is set up to guide the governing board in granting or withholding such permission. This point was not raised on the argument on the counter-motions in the Law Division, nor does it appear in the statement of questions involved set out in the brief on this appeal. It is first presented in specific form in the short closing paragraph of the reply brief and was orally argued when the bench asked counsel whether he relied upon the point.
*554 R.R. 1:7-1(c) requires that an appellant's brief contain a statement of the questions involved, each being separately set forth. Where a question was not presented to the court below, this fact must be noted. The requirements of the rule are considered "in the highest degree mandatory, admitting of no exception; ordinarily no point will be considered which is not set forth in or necessarily suggested by the statement of questions involved."
Although belatedly introduced, the specific contention that the exception to the prohibition contained in the ordinance under review is invalid is fairly comprehended within the general attack upon the ordinance contained in the first ground of appeal  that the ordinance as a whole is "arbitrary, unjust, oppressive and unreasonable." Moreover, the issue presents a sufficiently important question of public policy to merit our present consideration of the matter in the public interest. Morin v. Becker, 6 N.J. 457, 460 (1951); Fischer v. Township of Bedminster, 11 N.J. 194, 201 (1952); cf. Evtush v. Hudson Bus Transp. Co., 7 N.J. 167, 173 (1951).
On its face, the exception to the prohibition of the ordinance against outside employment would permit the board of commissioners to permit one or more members of the police force to engage in other business activities  and this on grounds not specified in the ordinance but deemed sufficient by the governing body  while withholding exemption from other patrolmen. There thus arises the possibility of discrimination between members of the same police force inasmuch as the ordinance fails to fix any standard whatsoever to guide the commissioners in their determination of applications for exemptions. It is fundamental that this is not to be permitted.
Additionally, it may be observed that the very exception would run counter to, if not destroy the reasons underlying the prohibition against off-hours employment set out above and which we need not repeat at this point.
Were it not for the exception clause just discussed, the ordinance would be beyond the reach of plaintiffs' *555 attack on any of the other grounds urged upon us. The amending ordinance does not, as plaintiffs argue in their final ground of appeal, interfere with any vested right or contractual obligation they claim to have as members of the Belmar Police Department. From early times our courts have declared that a police officer holds an office, and that a contractual relation does not exist between a municipality and its police officers. Mayor and Council of City of Hoboken v. Gear, 27 N.J.L. 265 (Sup. Ct. 1859); State ex rel. Kenny v. Hudspeth, 59 N.J.L. 320 (Sup. Ct. 1897); Fitzpatrick v. City of Passaic, 105 N.J.L. 103 (Sup. Ct. 1928), affirmed Ibid. 105 N.J.L. 632 (E. & A. 1929). A policeman is a public officer concerned with the administration of public duties. Duncan v. Board of Fire and Police Comm'rs of City of Paterson, 131 N.J.L. 443 (Sup. Ct. 1944). There is no property right in a public office. Hillel v. Borough of Edgewater, 106 N.J.L. 481 (E. & A. 1930); Adams v. Mayor, etc., of Plainfield, 109 N.J.L. 282 (Sup. Ct. 1932), affirmed 110 N.J.L. 377 (E. & A. 1933). Hence plaintiffs have no vested rights or contractual obligations that might be impaired. Cf. Emanuel v. Sproat, 136 N.J.L. 154 (Sup. Ct. 1947).
There is no basis upon which we can conclude that this ordinance would necessarily have been adopted without the exception clause noted above. The ordinance consists of a single brief section; it is on its face an entirety, self-contained, each part being essential to and connected with the balance. The exception clause is consequently not separable from the ordinance as a whole. McGlynn v. Grosso, 114 N.J.L. 540, 543-544 (Sup. Ct. 1935); 62 C.J.S., Municipal Corporations, § 429, page 825. Since that clause is in our view invalid, we must hold Ordinance No. 445 inoperative and void in its entirety.
A new ordinance, free from the vice of the exception, can readily be introduced and adopted if the municipality is interested in continuing the policy enunciated in the ordinance under review.
Reversed.