728 A.2d 795

**HOWARD COUNTY POLICE OFFICERS ASSOCIATION, INC. et al.**

v.

**HOWARD COUNTY, Maryland et al.**

**No. 1236, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

April 30, 1999.

Timothy J. McCrone (O'Connor, Keehner, Hogg & McCrone, L.L.C., on the brief), Ellicott City, for Appellants.

F. Todd Taylor, Jr., Senior Asst. County Sol. (Barbara M. Cook, Howard County Sol., on the brief), Ellicott City, for Appellees.

Argued before HARRELL, EYLER and ADKINS, JJ.

EYLER, Judge.

On August 21, 1997, appellants, Howard County Police Officers Association, Inc. and police officers Glenn M. Weir and Jerry B. Schlossnagle, filed a complaint for declaratory judgment in the Circuit Court for Howard County. The suit was filed against appellees, Howard County, Maryland and James N. Robey, Chief of the Howard County Police Department, and sought a declaration that Howard County Police Department General Order 92–07, ADM–07 was unenforceable because it had not been promulgated in accordance with applicable law.

General Order 92–07 was issued by Chief Robey on July 1, 1992. It was entitled "Secondary Employment," and provides in pertinent part as follows:

VIII. *SECONDARY EMPLOYMENT REQUESTS*

A. Officers wishing to engage in **security related secondary employment,** the service of subpoenas or other court-ordered civil documents, training or the application of work-related experience **must secure written**

**approval from the Chief of Police** through the chain
of command....

(Emphasis in original).

Section III.D. of General Order 92–07 defines security
related secondary employment as "any employment where the
employee is hired for the express purpose of protecting the
proprietary interests of the employer."

On June 24, 1996, Officers Weir and Schlossnagle were
employed part-time selling tee-shirts at a concert at the
Merriweather Post Pavilion in Columbia, Maryland. While so
employed, the officers seized tee-shirts from unauthorized
vendors. The legality of that action is apparently not in
dispute except as it relates to the issue before us. Subsequent
to the seizure, the Howard County Police Department initi-
ated disciplinary proceedings against Officers Weir and
Schlossnagle, charging them with violation of General Order
92–07. The position of appellees is that the officers were
engaged in "security related" secondary employment, thus
requiring approval of the Chief of Police for that employment.
It is undisputed that such permission had not been obtained.

The administrative hearing process was stayed pending a
resolution of the declaratory judgment action. On May 29,
1998, the circuit court held that General Order 92–07 was
valid.

## Discussion

Appellants do not challenge the assertion that the officers
were engaged in "security related secondary employment" but
rely on (1) a provision in the Howard County Charter and (2)
the Howard County Administrative Procedures Act for the
proposition that General Order 92–07 is unenforceable. The
Howard County Charter, in § 302, delineates the authority of
the County Executive (ironically, Chief Robey subsequently
was elected County Executive of Howard County in 1998).
Section 302(i) provides the following:

*Powers and duties.* The Executive shall be responsible for
the proper and efficient administration of such affairs of the

County as are placed in his charge or under his jurisdiction and control under this Charter or by law. His express responsibilities, duties and powers shall include, but not be limited to, the following:

. . . .

(14) To prepare and issue, or cause to be prepared and issued, rules and regulations of the character which prior to the adoption of the Charter were prepared or issued by the County Commissioners, provided that before taking effect, all such rules and regulations, other than those concerned exclusively with the internal operating procedure of the executive branch of the County government, shall be approved by the Council[.]

Appellants argue that secondary employment by police officers is not encompassed within the "internal operating procedure of the executive branch," and thus, the County Executive would not have the authority to delegate to the Chief of Police the power to promulgate the general order at issue. Such an order, according to appellants, would require the approval of the Howard County Council. Appellants point to *Fraternal Order of Police Montgomery County Lodge No. 35 v. Mehrling*, 343 Md. 155, 680 A.2d 1052 (1996), as being similar to this case.

In *Mehrling*, a Montgomery County police officer obtained secondary employment as a security guard at an apartment complex. As in the case *sub judice*, in *Mehrling* there was a departmental rule prohibiting such secondary employment without the permission of the Chief of Police, and the police officer did not obtain permission. The Court of Appeals held that the regulation was neither properly promulgated nor adopted and, therefore, the regulation was unenforceable. *Mehrling*, 343 Md. at 180, 680 A.2d 1052.

Appellants also rely on the Howard County Administrative Procedures Act, Howard County Code § 2.100 *et seq.* for the proposition that General Order 92–07 is invalid. The Administrative Procedures Act sets forth a process, which includes a

public hearing, that an agency must follow in order to adopt rules. Appellants argue that General Order 92–07 is a rule within the meaning of that Act, because secondary employment of police officers does not solely concern the internal operating procedure of the police department. The Chief of Police did not follow the process, and consequently, according to appellants, the rule is invalid.

We disagree with appellants and affirm the judgment of the trial court. In Maryland, by statute, a law enforcement agency, including a county police department, may not prohibit secondary employment by police officers, but it may promulgate reasonable regulations with respect to such secondary employment. Md.Code (1987 Repl.Vol., 1991 Cum.Supp.), Art. 27 § 729A. Similarly, the weight of authority from other jurisdictions is that a police department has the power to regulate secondary employment so that legitimate police interests are not impeded. *Allison v. City of Southfield,* 172 Mich.App. 592, 597–98, 432 N.W.2d 369, 372 (1988). *See also Flood v. Kennedy,* 12 N.Y.2d 345, 239 N.Y.S.2d 665, 190 N.E.2d 13 (1963) (a city police department regulation providing that no member of the police force should engage in any other occupation was valid because it was appropriate to implement the police commissioner's control in order to protect the safety and order of the city and to be able to cope with emergencies); *Cox v. McNamara,* 8 Or.App. 242, 493 P.2d 54, *cert. denied* 409 U.S. 882, 93 S.Ct. 169, 34 L.Ed.2d 137 (1972) (held that an order issued by a city police chief restricting off-duty employment by police personnel was reasonable and not inconsistent with proper and effective internal police administration); *Hofbauer v. Board of Police Com'rs,* 133 N.J.L. 293, 44 A.2d 80 (1945) (held that a police officer who engaged in outside employment violated a rule promulgated by the board of commissioners and that the power given to the board of police commissioners to formulate rules and regulations was not an unconstitutional delegation of legislative duty).

In our view, General Order 92–07 is not a "rule" within the meaning of the Howard County Administrative Procedures

Act. Section 2–101(i) of the Administrative Procedures Act provides that " '[r]ule' does not include a statement which does not affect the rights of the public or the procedures available to the public and which is solely concerned with the internal management of the agency." General Order 92–07 is concerned with the internal management of the police department. Similarly, General Order 92–07 is concerned with the internal operating procedure of the police department within the meaning of the Charter. Prior to this case, this question had not been addressed by Maryland's appellate courts. We agree, however, with the Court of Appeals of Indiana, which analyzed the operations of the Indianapolis Police Department and stated that the "adoption of procedures by which to discharge the Police Department's function is committed to the discretion of the officials in charge." *Gallagher v. Marion Cty. Victim Advocate Program, Inc.*, 401 N.E.2d 1362, 1366 (Ind.Ct.App.1980). The *Gallagher* court also stated that "in the absence of statutory direction or regulation the power to maintain and operate a city police system carries with it the right and duty to exercise reasonable discretion in such maintenance and operation." *Id.* (citation omitted). General Order 92–07 falls within that power and is part of the internal management of the police department.

Appellants' reliance on the *Mehrling* case also is misplaced. In that case, the Montgomery County Code required that the regulations in question be approved by the Montgomery County Council. *See Mehrling*, 343 Md. at 170, 180, 680 A.2d 1052. By contrast, the Howard County Code § 6.200(e) empowers department heads to promulgate regulations without County Council approval, and § 17.200A(a) make those provisions applicable to the Chief of the Howard County Police Department. Appellants point to § 6.200(e), which gives department heads full authority and responsibility to promulgate rules and regulations, "except as otherwise provided by law." Appellants argue that the quoted phrase refers to Howard County Charter § 302(i)(14) and that, as stated previously, the County Executive does not have the authority to delegate to the Chief of Police the power to promulgate General Order 92–07 with-

out Council approval. As discussed above, we hold that General Order 92–07 does pertain to the internal operating procedure of the police department. Consequently, unlike in *Mehrling,* there is no requirement in the Charter or County Code that General Order 92–07 be approved by the County Council.

**JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANTS.**