# Hutchinson et al., Appellants, *v.* Magee et al.

*Municipalities — Dismissal of employees — Membership in improper associations—Police—Firemen—Public welfare—Strikes.*

1. An association with an organization which, on any occasion or for any purpose, attempts to control the relations of members of either the police or fire departments toward the city they undertake to serve, is, in the very nature of things, inconsistent with the discipline which such employment imperatively requires, and therefore subversive of the public service and detrimental to the public welfare.

2. A fireman who refuses to sever his connection with an association which had organized a strike of city firemen, may be dismissed from the service if he refuses so to do.

Argued May 8, 1923.    Appeal, No. 70, Oct. T., 1923, by plaintiffs, from decree of C. P. Allegheny Co., April T., 1922, No. 1282, dismissing bill in equity, in case of William S. Hutchinson et al., Members of the City Firemen's Association, v. William A. Magee, Mayor of the City of Pittsburgh, et al.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Bill for injunction.    Before MACFARLANE, J.
The opinion of the Supreme Court states the facts.
Bill dismissed.    Plaintiffs appealed.

*Error assigned,* inter alia, was decree, quoting it.

*W. J. Brennen,* for appellants.

*Richard W. Martin,* City Solicitor, with him *Sara M. Soffel,* Assistant City Solicitor, for appellee.

PER CURIAM, June 23, 1923:
The director of public safety of the City of Pittsburgh promulgated a standing rule for the proper government

of his department and, in accordance therewith, issued an order that all officers of the fire bureau belonging to an association which, a few years before, had organized a strike of city firemen, should sever their connection therefrom; in this order, he declared his official judgment that "no commanding officer of the Bureau of Fire" should be a member of the organization in question, "for the reasons that such associations cannot but be a detriment to the discipline and efficiency of the.....bureau." Charges were duly preferred against certain officers for refusing to obey this order, and, on conviction of such disobedience, plaintiffs, among others, were about to be dropped from the service, when they filed a bill in equity, praying for an injunction to restrain their discharge. After hearing, the court below dismissed the bill. This appeal followed.

It is generally conceded that association with an organization which, on any occasion or for any purpose, attempts to control the relations of members of either the police or fire departments toward the municipality they undertake to serve, is, in the very nature of things, inconsistent with the discipline which such employment imperatively requires, and therefore must prove subversive of the public service and detrimental to the general welfare; hence we are unable to say the court below erred in not holding the municipal authorities named as defendants abused their power when they acted on this view. As found by the court below, the order here in question was within the "discretion of the director," and that discretion, being "based upon a reasonable and legal ground," is "final." If plaintiffs desire to retain their positions in the public service, they should have obeyed the director's order; having elected not to do so (which, of course, was the privilege of each of them, as individuals), they cannot successfully complain of the ensuing results. We note with satisfaction, however, the stipulation of counsel, filed with the record, that plaintiffs should retain their respective positions pending the

determination of this case and, if the decision favored defendants, plaintiffs would resign from the association objected to; in the meantime, "their official status as employees of the city......not [to] be affected."

The decree is affirmed at the cost of appellants.