## REICHELDERFER et al. v. IHRIE.

### No. 5497.

Court of Appeals of the District of Columbia.

Argued May 6, 1932.

Decided June 6, 1932.

874

William W. Bride and F. H. Stephens, both of Washington, D. C., for appellants.

George C. Gertman, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from a decree enjoining the enforcement of a regulation of the District fire department.

On September 19, 1930, the Commissioners of the District of Columbia promulgated a departmental regulation governing firemen in the fire department of the District, in the following words, to wit: "No employee of the fire department shall perform, at any time, for wage, salary, fee, gift, or other compensation, any work or service of any character for any person, firm, or corporation, other than that required by his official position in the department."

The appellee, John R. Ihrie, was then and is now a private in the fire department, and as such brought suit in the lower court to enjoin the enforcement of the regulation, claiming it to be unreasonable and an unconstitutional interference with his personal liberty.

During the pendency of the case in the lower court a charge was filed with the trial board against appellee for a violation of the regulation by performing services for compensation for a firm of undertakers in the District. Appellee prayed that proceedings upon the charge be enjoined until the court should pass upon the present case.

A motion to dismiss the bill of complaint for want of merit was filed on behalf of the commissioners. The court overruled the motion, and entered an injunction as prayed, and the cause is here upon a virtual demurrer to the bill of complaint.

It is provided by statute that the Commissioners of the District of Columbia, may: "Appoint, assign to such duty or duties as they may prescribe, promote, reduce, fine, suspend, with or without pay, and remove all officers and members of the fire department of the District of Columbia, according to such rules and regulations as said commissioners, in their exclusive jurisdiction and judgment * * * may from time to time make, alter, or amend. * * *" Act June 20, 1906, § 2, 34 Stat. 314 (D. C. Code 1929, T. 20, § 552).

Among the department regulations promulgated by the commissioners under the foregoing authority are the following, to wit:

"Each member of the department shall devote his entire attention to its service; attend all fires or alarms of fire in the district where he is assigned, detailed, or may be called; exert his greatest energy and best ability to do his full duty under any and all circumstances." (1909.)

"When off duty be subject to call in any emergency." (1929.)

"So arrange when off duty that they may be notified promptly when their services are required." (1929.)

The disputed regulation does not greatly extend the force and effect of those just quoted. It proceeds upon the theory that a fireman cannot "devote his entire attention" to the service of the fire department, and at the same time engage in outside employment for wages. We think the regulation is reasonable. It tends to prevent firemen from dividing their strength as well as their interest and attention between their departmental duties and outside pursuits. It appears that appellee has been earning an average of $25 per month by outside labor. It is plain that if such a practice became general in the department it would seriously affect the efficiency of the force.

Moreover, as was said by this court in Baltimore & Ohio Railroad Company v. District of Columbia, 10 App. D. C. 111, 128, "But in a case like the present, where the question is one of practical fact, unsettled by experience, and resting in opinion, a court should surely hesitate to set up its judgment in opposition to that of the municipal officers, who, by virtue of their training, observation and experience in the performance of their duties, ought to be well informed and capable of arriving at satisfactory conclusions in such matters."

And furthermore, in the Act of June 20, 1906, Congress provides that the Commissioners may make, alter, and amend the rules and regulations governing the department's officers and members "in their exclusive jurisdiction and judgment."

In People ex rel. Ullrich v. Bell (City Ct. Brook.) 4 N. Y. S. 869, the court sustained a

dismissal of a policeman for a violation of a regulation prohibiting members of the police force from "following any other calling, or being employed in any other business." The charge against the policeman was that he engaged in the business of canvassing for the sale of cigars.

It is argued that the regulation is unreasonable because it forbids outside employment for pay, but does not forbid employment without pay. The answer to this is that the commissioners may well consider it unlikely that outside employment without pay needs to be guarded against, and this again is within their discretion.

Our conclusion in this case might very well be questioned or denied in the case of certain other classes of District employees, but in the case of firemen a different standard may reasonably be required. The nature of the service they are called on to render frequently requires the exercise of every faculty, physical and mental, for the preservation of life and property, and there is no schedule by which these emergencies may be anticipated. This alone creates a situation demanding that the employee thus employed shall be at his best at all times, and this result obviously it is the purpose of the regulation to insure, and it is this underlying necessity alone which, we think, justifies the rule. In saying this, we are not unmindful of those basic principles of our government that every man has the right and no man can be prohibited from exercising the right of following any lawful avocation on the same terms with others; that he is free to choose his occupation when and where he pleases, provided he does no wrong to the state or some other individual. To all of this we subscribe, but when one seeks a position as fireman he must, in the very nature of his employment, subordinate, to the extent necessary to accomplish the end sought, rights which are personal to the common weal.

It may be observed also that the language of the regulation is general in character, and parts of it may be susceptible of such a construction as in some circumstances would produce unreasonable results. In such cases, however, the courts would prevent a misapplication of the regulation by construing and applying it in conformity with its obvious purpose.

"And an ordinance general in its scope may be judged reasonable as applied to one state of facts and unreasonable when applied to circumstances of a different character."

Dillon, Municipal Corporations (5th Ed.) vol. 2, § 591, p. 929.

In view of the controversial character of the issue herein involved and of the fact that this court prior to this case had not passed upon the regulation in question, we think the commissioners would be justified in omitting the imposition of penalties upon the appellee in this case.

The decree of the lower court is reversed, with costs, and the case is remanded for further proceedings not inconsistent herewith.