# Wytheville

W. B. CARTER, AND OTHERS V. THOMAS P. THOMPSON, CITY
MANAGER OF NORFOLK, ETC.

June 13, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning
and Chinn, JJ.

The opinion states the case.

*O. L. Shackleford* and *Ferebee & White,* for the appellants.

*John N. Sebrell* and *Jonathan W. Old, Jr.,* for the appellees.

HOLT, J., delivered the opinion of the court.

On February 20, 1934, the director of public safety of the city of Norfolk, with the approval of its city manager, and through its fire chief, issued this order:

"19. No member of the fire division will be permitted to join or retain membership in any firemen's organization affiliated or in any way connected with any organization outside of the division of fire of the city of Norfolk.

"20. No firemen's organization will be permitted in the division of fire, except 'Norfolk Firemen's Relief and Social Association' and members of the division of fire are prohibited from joining or retaining membership in any other firemen's organization within the division of fire of this city.

"21. Any member of the fire division violating either of these rules or regulations shall be subject to suspension by the fire chief and subject to reprimand, fine, suspension, reduction in rank, or dismissal by the city manager in accordance with section 63 of the charter."

There is in existence a certain "International Association of Fire Fighters," organized under the laws of the District of Columbia with its principal office there. This association is "affiliated to the American Federation of Labor" and has issued to certain members of the Norfolk fire department a "certificate of affiliation" or charter for a local lodge or association. That is to say, this local organization is a member of the international.association which, in its turn, is a part of the American Federation of Labor. Membership in the local lodge has been prohibited by municipal authorities.

In this proceeding is challenged the right of the city manager acting through proper subordinates to issue the order in judgment. An injunction was prayed for but was denied by the Circuit Court of the city of Norfolk and that denial is now before us on appeal.

The city manager, by section 50 of the city charter, has the power and duty—

"Except as otherwise provided in this charter, to appoint all heads or directors of departments, and all subordinate officers and employees of the city in both the classified and unclassified service with the power to discipline and remove any officer or employee so appointed; and in the classified service all appointments and removals to be subject to the civil service provisions of this charter.

"(c) To exercise supervision and control over all departments and divisions created herein, or that may be hereafter created by the council." (Acts 1918, chapter 34, page 53.)

"The head of the department of public safety shall be known as the director of public safety.

"Subject to the supervision and control of the city manager in all matters, he shall be the executive head of the divisions of police and fire." Charter, section 59. (Acts 1918, chapter 34, page 60.)

"The chief of police shall have the immediate direction and control of the said force subject however to the supervision of the director of public safety and to such rules, regulations and orders as the said director may prescribe, and, through the chief of police, the director of public safety shall promulgate all orders, rules and regulations for the government of the whole force." Charter, section 60. (Acts 1918, chapter 34, page 60.)

"The fire force shall be composed of a chief and of such other officers, firemen and employees as the city manager may determine. The fire chief shall have immediate direction and control of the said force, subject, however, to the supervision of the director of public safety, and to such rules and regulations and orders as the said director may prescribe, and through the fire chief the director of public safety shall promulgate all orders, rules and regulations for the government of the whole force." Charter, section 62. (Acts 1918, chapter 34, page 62.)

"The chief of police and fire chief shall have the right

and power to suspend any of the officers and employees in their respective divisions who may be under their management and control for incompetence, neglect of duty, immorality, drunkenness, failure to obey orders given by proper authority, or for any other just and reasonable cause. If an officer or employee shall be suspended as herein provided, the chief of the division concerned shall forthwith in writing certify the fact together with the cause for suspension, to the city manager, who shall, after hearing, render judgment thereon, which judgment, if the charge be sustained, may be a reprimand, fine, suspension, reduction in rank, or dismissal, and in every case shall be final." Charter, section 63. (Acts 1918, chapter 34, page 63.)

There is also granted to the city the power "to extinguish and prevent fires and to compel citizens to render assistance to the fire department in case of need, and to establish, regulate and control a fire department or division." Charter, section 2, subsection 18. (Acts 1918, chapter 34, page 35.)

There are charter provisions which provide for appointments in the fire service.

"All applicants for offices or places in the classified service, except as otherwise provided in this charter, shall be subjected to examination, which shall be public, competitive and free to all persons eligible under the law, with specified limitations as to residence, age, health, habits and moral character. Such examinations shall be practical in their character, and shall relate to those matters which will fairly test the relative capacity of the persons examined to discharge the duties of the positions to which they seek to be appointed, and shall include tests of physical qualifications and health, and, when appropriate, of manual skill. No questions in any examinations shall relate to political or religious opinions or affiliations." Charter, section 113. (Acts 1918, chapter 34, page 85.)

The list of those eligible is reported to the city manager and from it he makes appointments.

"Rules shall provide:

\* \* \* \* \* \* \* \*

"(7) For a period of probation not to exceed six months, before appointment or promotion is made complete, during which period a probationer may be discharged or reduced at the will of the city manager. After such period of probation, no officer, or employee in the classified service shall be reduced in rank, removed or discharged except for cause and upon written charges, and after an opportunity to be heard in his own defense. Such charges shall be investigated and disposed of by the city manager, whose decision shall be final." Charter, section 112, subsection 7. (Acts 1918, chapter 34, page 84.)

Appellees contend that while qualification for appointment is determined by the rules and regulations of the civil service commission yet qualification for continuance in service after appointment is determined by the rules and regulations promulgated by the director of public safety, and in support of this claim rely upon charter, section 62. (Acts 1918, chapter 34, page 62.)

Appellants, on the other hand, contend, that after an appointment is once made, and after service has continued for six months one cannot be discharged except for cause, and say that this claim is supported by the plain provisions of charter, section 112, heretofore noted.

That phase of this controversy is somewhat academic. We are not concerned with what might happen in a case not before us.

Under the general scheme of government adopted by the city of Norfolk, control of all municipal departments is vested in a city manager and his subordinates who are responsible to him, subject of course, to charter restrictions. Plainly he has power to discharge an employee for cause where the cause is sufficient. If this were not true orderly government would be at an end. He must, of necessity, be vested with a large measure of discretion and the burden of showing arbitrary action is upon him who charges it. The defendants rely upon a cause stated and claim that it is sufficient.

■ Police and fire departments are in a class apart. Both are at times charged with the preservation of public order, and for manifold reasons they owe to the public their undivided allegiance. The power in the city of complete control is imperatively necessary if discipline is to be maintained.

■ For reasons indicated we do not find the order in judgment unreasonable. It is possible that some objections might be made to the final conditions under which it issued. There are no written charges but the issue is perfectly plain; it has been submitted upon its merits and has been decided upon its merits.

The decree appealed from must be sustained, and it is so ordered.

*Affirmed.*