ANA ANGUEIRA, as Administratrix, etc., of JESUS ANGUEIRA, Deceased, Appellant, *v.* BROOKLYN & QUEENS TRANSIT CORPORATION, Respondent.

First Department, November 28, 1941.

*Jacob Greenwald* of counsel [*Jacob C. Spiro,* attorney], for the appellant.

*Stanley Buchsbaum* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

CALLAHAN, J. Plaintiff is the administratrix of the estate of her deceased husband, who was killed while crossing Flushing avenue, Brooklyn, N. Y., on October 12, 1939, at about midnight, when he was struck by a trolley car owned by the defendant and operated by defendant's employee. Deceased lived in Manhattan and was proceeding in the direction of a station of the subway line which ran to that borough. Shortly before the accident deceased had been standing on the sidewalk of Marcy avenue, near the corner of Flushing avenue, talking to an acquaintance. Apparently deceased was to some degree intoxicated at the time. A witness noticed him walk at a staggering gait toward Flushing avenue, cutting across part of an open, well-lighted gasoline station which was located on the corner of Marcy and Flushing avenues. The sidewalk in front of the gasoline station on the Flushing avenue side sloped down so as to eliminate the curb at certain portions of the curb line. Deceased stepped off the curb line into the roadway of Flushing avenue at a distance estimated to be twenty-five feet from the corner of the curbs of the two streets.

The distance between the curb line of Flushing avenue and the first rail of defendant's trolley track was about ten feet.

At the time the deceased was seen leaving the sidewalk the defendant's trolley car was stationary on the opposite side of Marcy avenue. We gather from portions of the testimony that the width of Marcy avenue was about thirty feet; that defendant's car was stopped about five feet from the corner. Therefore, the car was at least sixty feet from deceased when he left the sidewalk. The plaintiff's witness stated that as deceased stepped off the curb into the roadway, the defendant's trolley began to move. He also stated that the car had acquired a speed of twenty-five to thirty miles an hour at the time the accident occurred.

This witness stated that the right front of the trolley car struck the deceased when he was one or two feet from the first rail. Deceased was struck with sufficient force to roll him some distance along the street. The motorman was heard to clang his bell shortly before the collision.

Upon the trial plaintiff contended for the applicability of the legal doctrine of "last clear chance" to the accident involved herein. While this contention is reasserted on this appeal, plaintiff now also contends that, irrespective of the applicability of the rule of "last clear chance," she established a *prima facie* case of negligence.

The trial court dismissed the complaint at the close of plaintiff's case, holding that submission of the case to the jury was unwarranted. In doing so it stated that the doctrine of "last clear chance" had no application to the present case. While we agree with the trial court's view as to the non-applicability of the doctrine of law referred to, we deem that it was improper to dismiss the complaint. We find that the proof submitted by plaintiff, measured in the light of the requirement that she be given the most favorable inferences that might be deduced therefrom, established a *prima facie* case, irrespective of the doctrine of "last clear chance."

Defendant asserts that plaintiff on the trial waived the right to recover on any theory other than that of "last clear chance." It states that at the opening of the trial the plaintiff's counsel conceded deceased's contributory negligence. No record was made of the opening to the jury, and we find nothing in the printed case before us to support defendant's claim. While the record does disclose that the discussion between counsel and the trial court on the motion to dismiss the complaint related largely to the applicability of the doctrine of "last clear chance," we find that plaintiff's counsel, at least at one point, asserted the liability of defendant irrespective of that theory. Upon this appeal he repeats that assertion. Under the circumstances plaintiff has not waived the right to claim liability on both theories.

We find that it was not contributory negligence, as a matter of law, for decedent, a pedestrian, to start to cross a street on which was located a trolley track, the first rail of which was ten feet from the curb, at a time when the nearest trolley car was sixty feet away, across an intervening street and apparently standing still, or just beginning to move. The burden of proving contributory negligence was on defendant. The jury would have the right to consider all the circumstances of the case in determining that issue.

On the issue of defendant's negligence the jury would likewise have the right to consider all the circumstances relating thereto, including the question of the speed of the car. As we have stated, one witness testified that the car was traveling at the rate of twenty-five to thirty miles an hour when it struck deceased. Such testimony, if credited by the jury, might be found to be some evidence of negligence in that it established a violation of section 14 of the Traffic Regulations of the City of New York in effect at the time, which limited the speed of all vehicles on city streets to not more than twenty-five miles per hour. These regulations have the force of law, and may be judicially noticed. (*Tamburrino*

v. *Sterrick Delivery Corporation*, 241 App. Div. 221.) While the State Vehicle and Traffic Law omits a street car from the " vehicles " regulated, the Traffic Regulations of the City of New York, which are applicable here, appear to include street cars in regulating the speed of vehicles. (See Traffic Regulations of the City of New York, § 1, subd. 13.)

Under the circumstances it was error to dismiss the complaint.

The judgment and order should be reversed, and a new. trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., O'MALLEY, TOWNLEY and COHN, JJ., concur.

Judgment and order unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.