WILLIAM J. BELL *vs.* DISTRICT COURT OF HOLYOKE.

Hampden.    September 23, 1943. — October 28, 1943.

Present: FIELD, C.J., DONAHUE, DOLAN, & RONAN, JJ.

*Fireman.    Municipal Corporations*, Fire department.

The validity of a rule of the board of fire commissioners of a city restricting employment of a member of the force in other occupations during his time off duty must be upheld unless it is shown to have no rational relation to the maintenance and administration of an efficient fire fighting force.

A rule of the board of fire commissioners of a city that had accepted G. L. (Ter. Ed.) c. 48, § 59, and also § 58A, inserted by St. 1941, c. 638, that "No member shall, during his time off duty, enter the employ of any person, firm or corporation without permission of the board," was valid and its application in suspension of a permanent member of the force, who became employed, without the board's permission, in a department store several miles distant from the city during his time off duty, was justified.

PETITION, filed in the Superior Court on March 25, 1943, for a writ of certiorari.

The case was heard by *O'Connell*, J., upon the petition and the return, and the petition was ordered dismissed. The petitioner alleged exceptions.

*J. R. Nolen*, for the petitioner.

*J. P. Dowling*, for the respondent.

RONAN, J.    The petitioner, a permanent member of the fire department of Holyoke, a city that has accepted G. L. (Ter. Ed.) c. 48, § 59, providing for a two platoon system for its fire department and also has accepted G. L. (Ter. Ed.) c. 48, § 58A, inserted by St. 1941, c. 638, providing for the hours of duty for permanent members of the fire department, was suspended on December 24, 1942, for two weeks without compensation, by the board of fire commissioners of said city, because he was employed in a department store in Springfield on December 22, 1942, in violation of a rule or regulation of the department which provided that "No member shall, during his time off duty, enter the employ of

any person, firm or corporation without permission of the board of fire commissioners." The District Court found that the suspension was not made without proper cause or in bad faith, and affirmed the action of the board. A petition for certiorari to quash the decision of the District Court was ordered dismissed in the Superior Court. The case is here on exceptions taken by the petitioner.

The only contention now made by the petitioner is that the rule is upon its face unreasonable and arbitrary and therefore void. The validity of the rule is to be upheld unless it is shown that it cannot have any rational relation to the maintenance and administration of an efficient municipal fire fighting force capable, consistently with its manpower and equipment, of rendering a high degree of protection to the lives and property of the citizens of the community.

The nature of the duties assumed by a member of a fire department is such that it cannot be anticipated when he will be called upon to assist in the extinguishment of fires. He is actually on duty at certain hours, but he is potentially on duty whenever the emergency arises that calls for his services. Even when "at liberty" under the platoon system he is subject to be summoned in case of a conflagration and kept "on duty . . . while the conflagration continues." G. L. (Ter. Ed.) c. 48, § 59. It has been held that the liberty to which a fireman is entitled under this section while off duty is not absolute, and a regulation, that the sounding of a second or general alarm shall summon to the fire members of the off duty platoon (except those upon leave of absence for twenty-four hours) whose companies respond to the fire and that no member shall so place himself that he cannot answer such a summons, has been determined to be reasonable. *Sander* v. *Somerville*, 241 Mass. 305. It is to be noted that the provision in the earlier statute, G. L. (Ter. Ed.) c. 48, § 59, imposing an obligation upon members off duty to hold themselves in readiness to respond to alarms for conflagrations was recognized in the later statute, G. L. (Ter. Ed.) c. 48, § 58A, inserted by St. 1941, c. 638, in regulating the hours of duties for permanent

members of the fire department in cities and towns that have accepted this section.

The petitioner was employed in a department store located several miles from Holyoke without any permission from the board of fire commissioners. There is nothing to show that the board knew of his presence there. It could be found that, while so engaged, he would not be able without considerable delay to arrive in Holyoke and undertake his work as a fireman in the event of a conflagration in that city. As a practical matter his services would not be available to the city to assist in coping with an emergency. If he had the right to absent himself without permission and engage in another occupation in another city, then every other member had an equal right. Such a situation would seriously impair the ability of the department to function properly and to furnish adequate protection to the city and its citizens. It has been decided that the employment of an assistant engineer of a fire department in another city materially interfered with his ability to respond to a fire in the shortest possible time, was inconsistent with his retention of his position in the department, and was in violation of a rule providing that the assistant engineer should attend all fires. *People* v. *Tinney*, 184 App. Div. (N. Y.) 748.

A fireman in the active service of a city must keep himself in good physical condition for the arduous tasks and probable dangers that may be encountered in the performance of his duties. We do not know the type of work in which the petitioner was engaged in the department store. It might have called for slight physical efforts or it might have required a great amount of manual labor. His principal calling so far as the citizens of Holyoke were concerned was that of a fireman, and he would not have any right to consider his position as a fireman as incidental to another occupation in private industry in which he had embarked or to permit this outside work to impair his faculties or lessen his ability properly to perform his duties as a fireman. The engagement of a police officer in another occupation while also continuing his duties as an officer has been deemed a violation of a rule forbidding an officer to pursue another

occupation, and a justification for his removal from the department. *People* v. *Bell*, 4 N. Y. Sup. 869. A rule of a fire department forbidding a member to accept employment for hire outside of the department was deemed reasonable and its violation warranted dismissal from the department. *Reichelderfer* v. *Ihrie*, 59 Fed. (2d) 873.

We need not decide, in view of the character of the rule and the fact that it was adopted in 1930, during a period of great economic depression, of which we take judicial notice, *Campbell* v. *Boston*, 290 Mass. 427; *Purdie* v. *Roche*, 304 Mass. 647, whether the rule might not be upheld as a measure designed to effect a more equitable distribution of work and employment. *Durgin* v. *Director of Civil Service*, 312 Mass. 310.

The petitioner, as a fireman, has no just complaint that he does not enjoy the same freedom that he would have as a private citizen in reference to the employment of his time and efforts, when the restrictions imposed are no more than are reasonably required for the maintenance of the efficiency of a municipal department and may be properly enforced upon one who has voluntarily become a member of the department. It is optional with him whether to continue in the department and recognize the restrictions or to leave the department and rid himself of such impediments to his personal freedom. *McAuliffe* v. *Mayor & Aldermen of New Bedford*, 155 Mass. 216. *Christal* v. *Police Commission of San Francisco*, 33 Cal. App. (2d) 564. *School City of East Chicago* v. *Sigler*, 219 Ind. 9. *People* v. *Scannell*, 74 App. Div. (N. Y.) 406; affirmed, 173 N. Y. 606. *Canteline* v. *McClellan*, 282 N. Y. 166. *Carter* v. *Thompson*, 164 Va. 312. *Brownell* v. *Russell*, 76 Vt. 326.

It follows that the rule is reasonable and that the petitioner's suspension for its violation was justified. *Mayor of Medford* v. *Judge of First District Court of Eastern Middlesex*, 249 Mass. 465. *Sheldon* v. *School Committee of Hopedale*, 276 Mass. 230. *Rinaldo* v. *School Committee of Revere*, 294 Mass. 167. *Daley* v. *District Court of Western Hampden*, 304 Mass. 86. *Houghton* v. *School Committee of Somerville*, 306 Mass. 542.                    *Exceptions overruled.*