Nadella v City of New York (2018 NY Slip Op 03103)





Nadella v City of New York


2018 NY Slip Op 03103


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


6410 109643/11

[*1]Robert Nadella, Plaintiff-Appellant,
v
City of New York, et al., Defendants-Respondents, Andrew Allen, et al., Defendants.


Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondents.



Order, Supreme Court, New York County (James E. d'Auguste, J.), entered on or about February 6, 2017, which granted the motion of defendants City of New York, New York City Department of Sanitation, and Mark Lambert (the City defendants) for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion denied.
Plaintiff was a passenger in a van driven by his son, defendant Allen, when it swerved to the right to avoid hitting the rear of a tour bus that braked suddenly in front of it, and then crashed into the rear of a City sanitation truck that was double-parked in a traffic lane on the Westside Highway. In support of their motion for summary judgment, the City defendants argued that Allen was solely at fault in connection with the accident because he hit the rear of another vehicle, and failed to present a non-negligent explanation for the accident (see Cabrera v Rodriguez, 72 AD3d 553, 553 [1st Dept 2010]). However, the City defendants did not establish their own driver's absence of fault. It is well-settled that a vehicle improperly double-parked in violation of applicable traffic regulations (see 34 RCNY § 4-08[f][1]) may be found to be at fault in connection with a rear-end accident, since "a reasonable jury could find that a rear-end collision is a reasonably foreseeable consequence of double parking ... on a busy Manhattan street" (White v Diaz, 49 AD3d 134, 140 [1st Dept 2008]; see Pickett v Verizon N.Y. Inc., 129 AD3d 641 [1st Dept 2015]).
While, as a matter of common sense, a City sanitation truck may under certain circumstances need to double park in order to perform its job of removing refuse, the City did not point to any regulation exempting sanitation trucks from City traffic rules, and therefore did not establish prima facie their lack of liability. On appeal, the City defendants bring to the Court's attention a City traffic regulation, applicable at the time of the accident, that excepts City refuse trucks from double parking rules under certain conditions, and we take judicial notice of that regulation (see Angueira v Brooklyn & Queens Tr. Corp., 263 AD 43, 46 [1st Dept 1941]). The regulation provides that the "operator of a refuse collection vehicle working on behalf of the City" is allowed to "temporarily stand on the roadway side of a vehicle parked at the curb, provided that no curb space is available within fifteen feet, while loading refuse . . ." (former 34 RCNY § 4-02[d][1][iii][B], now 34 RCNY § 4-02[d][1][iii][A]).
It is well-settled that "[w]here a party . . . raises [for the first time on appeal] a new legal argument which appeared upon the face of the record and which could not have been avoided . . . [s]o long as the issue is determinative and the record on appeal is sufficient to permit our review, [this Court may consider the argument]" (Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]). Here, however, the City's argument that [*2]the regulation allowed their operator to double park is not a pure question of law, but depends on disputed facts in the record concerning whether there was a parking space available within fifteen feet of the pick up location. While the two sanitation employees assigned to the truck testified that there was no curb space available to park when they arrived, one of them acknowledged that a post-accident photograph, which is in the record, appears to show an open space between the double-parked truck and the curb. The testimony of one of the employees that it would have been unsafe to attempt to parallel park the truck under the existing traffic conditions also presents an issue of fact to be resolved by a fact-finder. We therefore decline to consider the City defendants' newly-raised argument for the first time on appeal (see Lindgren v New York City Hous. Auth., 269 AD2d 299, 303 [1st Dept 2000]).
Stated otherwise, the City defendants failed to meet their "heavy burden of establishing a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact'" (DeLeon v New York City Sanitation Dept., 25 NY3d 1102, 1106 [2015], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK